UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

| | |
|---|---|
| **BELINDA HENDERSON** | **CIVIL ACTION** |
| **VERSUS** | **NO.: 2:17-cv-01308** |
| | **JUDGE JANE TRICHE MILAZZO** |
| **DAMON GHOLAR, XYZ INSURANCE COMPANY, KNIGHT TRANSPORTATION, INC. AND ABC INSURANCE COMPANY** | **MAGISTRATE JUDGE KAREN WELLS ROBY** |
| | **JURY TRIAL** |

**MEMORANDUM IN SUPPORT OF MOTION IN LIMINE
TO LIMIT TESTIMONY OF OFFICER DERRICK BURMASTER**

MAY IT PLEASE THE COURT:

Defendant, Knight Transportation Services Inc., moves to exclude impermissible lay opinion testimony by Officer Burmaster pursuant to Fed. R. Evid. 701. Officer Burmaster has not been designated or qualified as an expert in this matter. His testimony should be limited to facts within his knowledge such as his observations when he arrived on the accident scene, any photographs or measurements he took, and the steps of his investigation. Officer Burmaster must be prohibited from providing his opinions as to causation of the accident and who was at fault as well as his reasons for issuing any citations. Although, a citation was written at the scene, no evidence exists that it was ever submitted to the City of New Orleans Traffic Court or that any guilty plea was entered or fine paid by Damon Gholar.

The Federal Rules of Evidence divide opinion testimony into two categories: lay opinion and expert opinion. Lay opinion testimony is governed by Rule 701:

> If a witness is not testifying as an expert, testimony in the form of an opinion is limited to one that is:

(a) rationally based on the witness's perception;
(b) helpful to clearly understanding the witness's testimony or to determining a fact in issue; and
(c) not based on scientific, technical, or other specialized knowledge within the scope of Rule 702. Fed.R.Evid. 701.

Expert opinion testimony, on the other hand, is governed by Rule 702:

A witness who is qualified as an expert by knowledge, skill, experience, training, or education may testify in the form of an opinion or otherwise if:

(a) the expert's scientific, technical, or other specialized knowledge will help the trier of fact to understand the evidence or to determine a fact in issue;
(b) the testimony is based on sufficient facts or data;
(c) the testimony is the product of reliable principles and methods; and
(d) the expert has reliably applied the principles and methods to the facts of the case. Fed.R.Evid. 702

In this matter, neither party has identified Officer Burmaster as an expert witness. Officer Burmaster is a uniformed police officer with the New Orleans Police Department. No evidence has been produced to suggest that he has specialized training in accident reconstruction. He did not perform an accident reconstruction in this matter. Officer Burmaster was not present when the accident occurred. Both vehicles had been moved by the time he arrived on the scene.

Defendant does not dispute that Officer Burmaster is allowed to testify concerning facts within his knowledge such as his observations when he arrived on the accident scene, any photographs or measurements he took, and the steps of his investigation. However, Officer Burmaster must be prohibited from providing his opinions as to causation of the accident, who was at fault, and his reasons for issuing any citations. Defendant is concerned that plaintiff intends to elicit impermissible expert opinion testimony as to the cause of this accident and driver fault from an unqualified lay witness.

The Court should not allow Officer Burmaster to testify as to causation or fault for the accident because such testimony is the province of an expert, and Officer Burmaster is not an

expert.  Officer Burmaster is not offered as an expert, and no evidence exists that he is so qualified.  As such, his testimony must be considered that of a lay witness. As a general rule, the lay opinions of a police officer as to the cause of an automobile accident formed by viewing evidence at the scene are excluded pursuant to Rule 701.  *Duhon v. Marceaux*, No. 00-31409, 33 Fed.Appx. 703, at *4 (5th Cir. 2002).  Testimony concerning causation of a car accident must be made by an expert witness, not a lay witness.

In *Smith v. Progressive Country Mutual Insurance Company*, 2012 WL 702061 (E.D. La. 3/1/12), plaintiff filed a similar motion *in limine* which did not seek to limit all testimony of the officer who investigated the accident but did seek to exclude his conclusions as to who caused the accident and who was at fault.  *Id.*  The Court, citing *Duhon*, noted that a law enforcement officer who is not an expert is generally not able to offer his lay opinion concerning the cause of the accident.  *Smith*, 2012 WL 702061, at *2.  The Court noted that the officer's lay opinion concerning the cause of the accident was inadmissible under Rule 701. Additionally, the Court noted that the officer was "not permitted to testify as to why he issued the citation." *Id.*

Lay testimony of Officer Burmaster concerning causation and fault for the subject accident is excluded by Rule 701. Officer Burmaster is not qualified to offer expert opinion testimony under Rule 702.  Therefore, this Court should exclude any testimony of Officer Burmaster concerning the cause of this accident and his determination of fault as well as his reasons for issuing any citations.

(Signature Page Follows)

Respectfully submitted:

*PERRIER & LACOSTE, LLC*

*/s/ Ralph J. Aucoin, Jr.*

―――――――――――――――――――――

**GUY D. PERRIER, #20323**
**RALPH J. AUCOIN, JR. #31023**
365 Canal Street, Suite 2550
New Orleans, Louisiana  70130
Tel: (504) 212-8820; Fax: (504) 212-8825
gperrier@perrierlacoste.com
raucoin@perrierlacoste.com
**ATTORNEYS FOR DEFENDANT,**
**KNIGHT TRANSPORTATION**
**SERVICES, INC.**

## CERTIFICATE OF SERVICE

	I hereby certify that the foregoing pleading has been delivered to all counsel of record, either through the CM/ECF system, depositing a copy of same in the United States mail, first class postage prepaid, by hand delivery or by facsimile transmission, this 6th day of February, 2018, at their last known address of record.

*/s/ Ralph J. Aucoin, Jr.*

―――――――――――――――――――――
	**RALPH J. AUCOIN, JR.**

4